RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/30/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MITCHELL A. JONES (#14268-031) | DOCKET NO. 14-CV-2693; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CARVAJAL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Mitchell A. Jones filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is a prisoner in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the BOP, particularly the date of commencement of the sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

Petitioner entered a plea of guilty in the United States District Court for the District of Kansas to theft of firearms in violation of 18 U.S.C. §922(u) on February 4, 2002. He was sentenced to a term of imprisonment of 72 months and a term of supervised release of 3 years. [Docket No. 01-cr-40097, D.Kan.] About the same time, he was also convicted of aggravated robbery and sentenced in Kansas state court. His federal sentence was ordered to run concurrent to his state sentences, and he was confined in federal prison until his conditional release on

February 8, 2007. Jones began serving the term of supervised release on February 8, 2007.

On July 23, 2009, while on supervised release, Petitioner was arrested by the State of Kansas for aggravated robbery charges. A petition for a warrant was issued by the District of Kansas on July 30, 2009, alleging a supervised release violation based upon the state aggravated robbery charges. On March 8, 2010, Jones was sentenced in Kansas state court to 29 months of incarceration. The state judge ordered that his sentence run "concurrent to his federal time in 5:01 CR 40097 001." [Case No. 5:12-cv-03049 D.Kan., #9]

*After the imposition of his new state sentence*, on March 30, 2010, the federal district court sentenced Jones to a term of imprisonment of 24 months for his supervised release violation. The federal court *did not order* that the federal sentence run concurrent to the already imposed state sentence. [Docket No. 01-cr-40097, D.Kan., #40]

*Petitioner was then returned to state custody for the service of his state sentence.* [Docket No. 01-cr-40097, D.Kan.]

On July 12, 2010, Jones filed a pro se motion to amend his revocation judgment to state that his federal sentence should run concurrent to the state sentence. [Docket No. 01-cr-40097, D.Kan., #43] The court denied Jones's motion on September 9, 2010. The court stated:

      "The court, in sentencing the defendant on March 30th did not address whether his federal sentence should run concurrently with or consecutive to the sentences imposed in state court. The guidelines indicate that a revocation sentence should be served consecutively to any previously imposed state sentence. See U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."). Although Chapter 7's policy statements are merely advisory, United States v. Tsosie, 376 F.3d 1210, 1218 (10th Cir. 2004), "they must be considered by the trial court in its deliberations concerning punishment for violation of conditions of supervised release," id. (quotations omitted).
     The court is convinced that the sentence imposed on March 30th was appropriate. At the time of sentencing, the court was aware of the prior sentences imposed by the state court. The court believed that a consecutive sentence was appropriate at that time and continues to believe so. Accordingly, defendant's motion to amend the journal entry shall be denied." [Docket No. 01-cr-40097, D.Kan., #44]

On March 15, 2011, Petitioner filed a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 in the District of Kansas. [Docket No. 01-cr-40097, D.Kan., #45] In his motion, Petitioner contended that he was improperly transferred to the custody of the State of Kansas and that he should be serving his federal and state sentences with the Bureau of Prisons (BOP). He argued that the BOP denied him his constitutional right to due process and equal protection because he was being required to serve a longer period of time than intended by the state and federal sentencing courts. Jones asserted that the State of Kansas ordered his state sentence to run concurrent to his federal sentence and

that this order was evidence of relinquishment of jurisdiction by the State of Kansas pursuant to K.S.A. 21-4608(h). Jones requested that the federal district court grant his writ and order the BOP to take custody of Jone and/or run his federal time concurrent with his state sentence. [Docket No. 01-cr-40097, D.Kan., #53] Because this §2255 motion was really challenging the execution of Jones's sentence, which should be filed pursuant to §2241, the court dismissed the motion and provided Jones with instruction to file his claim as a §2241. [Docket No. 01-cr-40097, D.Kan., #53]

Because Petitioner was incarcerated in Kansas, he filed a §2241 petition in the District of Kansas on February 23, 2012. [Docket No. 12-cv-3049, D.Kan., #1] In his petition, he claimed that the state court, upon sentencing Petitioner on March 8, 2010, heard Petitioner's "Motion to Relinquish Custody" to federal authorities pursuant to Kansas Statute 21-4608(h), and granted the motion. He also pointed out that the state court ordered that the state sentence run concurrent to Petitioner's federal sentence. [Docket No. 12-3049, D.Kan. #9] In addressing Petitioner's §2241 petition, the District of Kansas court noted:

> "18 U.S.C. §3584(a) requires that multiple prison terms imposed at different times "run consecutively unless the court orders that the terms are to run concurrently." See Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2nd Cir. 2005)(citing McCarthy v. Doe, 146 F.3d 118, 120-21 (2nd Cir. 1998)). Mr. Jones believes that the state court's order amounted to an effective relinquishment of state custody. However, he does not show that he was actually released by KDOC authorities and taken into custody by federal prison officials for

4

service of his federal violator term. Instead, Mr. Jones was returned to KDOC custody on April 15, 2010, and has been serving his state sentences since that time. No facts are alleged to show that the Kansas Department of Corrections and the U.S. Bureau of Prisons ever agreed or actually arranged to transfer physical custody of Mr. Jones to the BOP. In fact, the federal sentencing court and the BOP have denied petitioner's requests to take actions that would effectuate the state court's orders of relinquishment of state custody and concurrent service.

In its screening order, the court thoroughly considered petitioner's claim that his federal sentence is being illegally executed by the BOP due to its failure to take him into federal custody so that the state judge's order for concurrent sentences is given effect. It is undisputed that the federal sentencing court did not order concurrent sentences. Mr. Jones has not provided any facts, reasoning or authority to counter this court's holdings that when a federal Judgment and Commitment Order is silent as to the concurrent or consecutive nature of a federal sentence it is consecutive under federal law, and that the BOP has no authority to execute a federal sentence in a manner that would render it concurrent to a state sentence when the federal sentence was imposed as consecutive. See Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991)(The determination by federal authorities that a defendant's federal sentence would run consecutive to his prior state sentence is a federal matter, which cannot be overridden by a state court provision for concurrent sentencing). Requiring the BOP to take Mr. Jones into federal custody before he is released from his state sentence "would void the district court's valid sentence, and undermine the (district) court's authority under 18 U.S.C. §3584(a)." See U.S. v. Miller, 594 F.3d 1240, 1242 (10th Cir. 2010). The BOP simply has no authority to ignore the sentencing order of a federal court in favor of a contrary order by a state court."

Petitioner's §2241 case was thereby dismissed.

Petitioner then filed the instant §2241 petition in this district court. He acknowledges that the BOP has no authority to give precedence to a state court judgment over a federal judgment

5

in regard to whether the sentence should be consecutive or concurrent. [Doc. #1, p.8] He now claims that the commencement date of the federal sentence by the BOP is incorrect. He alleges that the "relinquishment order" of the State of Kansas "was legally effectuated upon his transfer into federal custody in late March 2010. As the transfer occurred after the state expressly relinquished custody, primary jurisdiction shifted irrevocably to federal authorities. His subsequent return to a state facility did not negate the legal ramifications of the prior transfer. Nor did characterizing the transfer as one nominally done pursuant to a subpoena ad prosequendum." [Doc. #1]

### *Law and Analysis*

There are two decisions involved in the computation of federal sentences: (1) when does the federal sentence commence; and (2) is the prisoner entitled to credit for time served prior to the commencement of the federal sentence. The second question was discussed at length in Jones's §2255 and §2241 cases filed in the District of Kansas, discussed and referenced above. Petitioner claims that the issue involved in the instant §2241 petition is centered around the first inquiry - when does the federal sentence commence?

First, as a matter of clarification, Title 18 U.S.C. §3584(a) provides that multiple terms of imprisonment imposed *at different times* run consecutively **unless** the court orders that the terms are

to run concurrently. In this case, the federal judge ***did not order*** Petitioner's sentence of 24 months to run concurrent to the previously imposed state sentence. In fact, the federal judgment did not even mention the state sentence at the time of sentencing. The Fifth Circuit has held that when the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence. See Jones v. Joslin, 635 F.3d 673 (5th Cir. 2011). The consecutive nature of the sentence was discussed at length by the District of Kansas, and Petitioner claims that he is not raising that issue herein. Moreover, the sentencing court even clarified its intent in responding to Petitioner's habeas claims in that district: "At the time of sentencing, the court was aware of the prior sentences imposed by the state court. The court believed that a consecutive sentence was appropriate at that time and continues to believe so." [Docket No. 01-cr-40097, D.Kan., #44] Thus, it is without question that intent of the court was for Petitioner to serve his federal sentence **after** he served his state time.

Despite the clear intent of the sentencing court, Petitioner still claims that the commencement of his sentence as determined by the BOP is incorrect. Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S.

50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as follows:

> (a) Commencement of sentence — A sentence to a term of imprisonment commences *on the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585 (emphasis added).

"The phrase 'official detention facility' in §3585(a) therefore must refer to a correctional facility **designated by the Bureau** for service of federal sentences, where the Bureau retains the discretion to 'direct the transfer of a prisoner from one penal or correctional facility to another.'" Reno v. Koray, 515 U.S. 50, 58 (1995)(quoting 18 U.S.C. §3621(b))(emphasis added). An inmate could receive credit for time spent in the custody of state authorities **only if the Attorney General exercises his "power granted by 18 U.S.C. §4082 and designate[s] the involved state and local facilities as places of confinement for service of a federal sentence."** U.S. v. Garcia-Gutierrez, 835 F.2d 585, 587 (5th Cir.

1988). Thus, the federal government *could have* executed the sentence immediately and designated the state facility as the facility where Petitioner would serve his federal sentence. However, **it did not**. The fact that Petitioner produces a state court "Journal Entry" dated march 2012, purporting to "relinquish jurisdiction" as of 2010 does not mean that the United States assumed primary jurisdiction of Petitioner. Petitioner has provided zero legal authority to support this purported unilateral transfer of jurisdiction. A state cannot order the Bureau of Prison to take Petitioner into federal custody before he is released from his state sentence. See 18 U.S.C. §3584(a).

The fact is that Petitioner was in a state facility and the state retained custody of Petitioner in that facility despite any "relinquishment order." The state trial court's designation that Petitioner's state sentence be served concurrently with his federal sentence is non-binding on the BOP. See Leal v. Tombone, 341 F.3d 427, 429 n. 13 (5th Cir.2003) (per curiam).

Moreover, it is evident that the time in question (prior to the date that the BOP has determined as the commencement date of sentence) has been credited against Petitioner's state sentence. Section 3585 only allows credit for time *that has not been credited against another sentence*. The time in which Petitioner seeks federal credit was credited against his state sentence. Petitioner is not entitled to double credit.

9

*Conclusion*

For the forgoing reasons Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States. **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of September, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE